# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| Kamal Albitar, | ) |
|---|---|
| Plaintiff, | ) |
| | ) No. 13 C 6721 |
| | ) |
| | ) Hon. James B. Zagel |
| C.R.W. Taylor, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Kamal Albitar, presently a prisoner at the Shawnee Correctional Center, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendant, Corrections Counselor Harriet Taylor, was deliberately indifferent to Plaintiff's medical and dental needs. Defendant has moved for summary judgment. For the reasons stated below, Defendant's motion is granted.

### Background

Consistent with the local rules, Defendant filed a Local Rule 56.1(a)(3) statement of undisputed facts and served Plaintiff a Local Rule 56.2 Notice, which explains in detail the requirements of Local Rule 56.1.

Local Rule 56.1(b)(3) requires that the opposing party's response to the movant's statement of undisputed facts must respond to each numbered paragraph and include specific references to supporting materials for those statements that are disputed. L.R. 56.1(b)(3)(B). In addition, the opposing party must submit their own statement of any additional facts that require denial of summary judgment, including references to supporting materials to support the additional statement of additional facts. L.R. 56.1(b)(3)(C).

Plaintiff failed to respond to Defendant's undisputed facts and he failed to submit his own statement of any additional facts that require denial of summary judgment.

Plaintiff's status as a *pro se* litigant does not excuse him from complying with Local Rule 56.1. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"); *Coleman v. Goodwill Indus. of Se. Wis., Inc.*, 423 F. App'x 642, 643 (7th Cir. 2011) ("Though courts are solicitous of pro se litigants, they may nonetheless require strict compliance with local rules."); *Wilson v. Kautex, Inc.*, 371 F. App'x 663, 664 (7th Cir. 2010) ("strictly enforcing Local Rule 56.1 was well within the district court's discretion, even though Wilson is a pro se litigant") (citations omitted); *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006) ("even *pro se* litigants must follow rules of civil procedure"). Given Plaintiff's failure to comply with Local Rule 56.1(b), Defendants' Local Rule 56.1(a)(3) statement are deemed admitted. *See* N.D. Ill. L.R. 56.1(b)(3)(C) ("All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party."); *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 880-81, 884 (7th Cir. 2012); *Parra v. Neal*, 614 F.3d 635, 636 (7th Cir. 2010); *Rao v. BP Prods. N. Am., Inc.*, 589 F.3d 389, 393 (7th Cir. 2009); *Ciomber v. Cooperative Plus, Inc.*, 527 F.3d 635, 643-44 (7th Cir. 2008) (affirming the district courts's refusal to consider plaintiff's Rule 56.1 response that did not comply with local rule); *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006); *Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 943-44 (7th Cir. 2005); *Smith v. Lamz*, 321 F.3d 680, 682-83 (7th Cir. 2003).

Based on the above, the pertinent facts are as follows:

Plaintiff was incarcerated at the Cook County Jail during the relevant time period. (Def.'s 56.1(a)(3) Statement ¶ 2.) Defendant Taylor was employed at Cook County Jail as a Correctional Rehabilitation Worker (CRW) during the relevant time period. (*Id.*, ¶ 4.)

Plaintiff entered Cook County Jail on June 14, 2013. (Def.'s 56.1(a)(3) Statement ¶ 5.) Upon entry, Plaintiff informed 'the Medical Department' of dental and back pain. (*Id.*, ¶ 6.) Plaintiff's back pain resulted from an injury he suffered in a car accident before being incarcerated. (*Id.*, ¶ 9.) Plaintiff's dental pain also began occurring before he had entered Cook County Jail. (*Id.*, ¶ 7.) Medical personnel provided Plaintiff with acetaminophen and two heat packs and informed Plaintiff that he would be seen by a doctor and a dentist. (*Id.*, ¶ 10.)

On July 10, 2013, Plaintiff submitted a grievance, assigned control number 2013X2473, stating that he informed medical staff upon entering Cook County Jail that he had a serious back injury and that he had not been seen by another medical professional since he arrived at the jail. (Def.'s 56.1(a)(3) Statement ¶¶ 21-22.) That same day, Plaintiff submitted a second grievance, assigned control number 2013X2474, stating that he informed medical staff upon entering Cook County Jail that he had tooth pain, that he was still experiencing tooth pain, and that he had not received paid medication or other dental treatment. (*Id.*, ¶¶ 23-24.)

Consistent with the grievance procedure, both grievances were received and processed by CRW Taylor on July 11, 2013. (Def.'s 56.1(a)(3) Statement ¶¶ 18, 25-28.) Consistent with the grievance procedure, CRW Taylor forwarded the grievances to Cook County Health and Hospital System (CCHHS) medical staff for a response to the grievance. (*Id.*, ¶¶ 16, 26, 28.)

3

Plaintiff received a response to Grievance 2013X2473 on August 1, 2013. (Def.'s 56.1(a)(3) Statement ¶ 29.) The response indicated that Plaintiff had been scheduled for a doctor's appointment on July 23, 2013. (*Id.*, ¶ 30.) Plaintiff appealed the response to the grievance, indicating that he had not been seen by a physician and had not received his medication. (*Id.*, ¶ 31.) However, Plaintiff was seen by medical staff on July 30, 2013, and received medication for his back pain. (*Id.*, ¶¶ 33, 35.) The response to Plaintiff's appeal indicated that he was seen by medical staff on July 30, 2013. (*Id.*, ¶ 32.)

Plaintiff also received a response to Grievance 2013X2474 that indicated that he had a dentist appointment scheduled for July 18, 2013, but he failed to appear for that appointment. (Def.'s 56.1(a)(3) Statement ¶ 37.) The response also indicated that Plaintiff had been rescheduled for a dental appointment on July 22, 2013. (*Id.*, ¶ 38.) On August 1, 2013, Plaintiff appealed this response, indicating that although he was seen by the dentist, he did not receive adequate treatment. (*Id.*, ¶ 39.) The response to Plaintiff's appeal indicated that he had received dental treatment on July 24, 2015, including being prescribed an antibiotic and that Plaintiff had refused the additional recommended treatment of having his tooth extracted. (*Id.*, ¶ 40.) On February 13, 2014, Plaintiff did consent to having his tooth extracted and it was extracted on that date. (*Id.*, ¶ 44.)

CRW Taylor has no medical training and had no control or involvement in responding to or otherwise addressing Plaintiff's medical complaints. (Def.'s 56.1(a)(3) Statement ¶ 45.) CRW Taylor does not respond to grievances seeking medical treatment. (*Id.*, ¶ 46.) Plaintiff is unsure whether he verbally informed CRW Taylor about his back pain and dental issue and CRW Taylor does not recall ever recall being verbally informed of the issues. (*Id.*, ¶¶ 48-49.)

Health Service Request Forms are processed by CCHHS staff and CRW Taylor was not involved in managing or responding to Health Service Request Forms. (*Id.*, ¶¶ 51-52.)

### Analysis

Correctional officials and health care providers may not act with deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Fields v. Smith*, 653 F.3d 550, 554 (7th Cir. 2011). Deliberate indifference has both an objective and a subjective element: the inmate must have an objectively serious medical condition, and the defendant must be subjectively aware of and consciously disregard the inmate's medical need. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Estelle*, 429 U.S. at 103-04; *see also Roe v. Elyea*, 631 F.3d 843, 862 (7th Cir. 2011).

A serious medical condition is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would know that a doctor's attention was needed. *See Foelker v. Outagamie County*, 394 F.3d 510, 512-13 (7th Cir. 2005); *Edwards v. Snyder*, 478 F.3d 827, 830-31 (7th Cir. 2007). A condition is also objectively serious if "failure to treat [it] could result in further significant injury or unnecessary and wanton infliction of pain." *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008) (citing *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997)).

Here, it is unclear what specific medical conditions Plaintiff suffered from but he did receive medical care for the conditions, including the extraction of a tooth. Accordingly, it appears that Plaintiff did suffer from a serious medical condition.

As to the subjective element, to establish a deliberate indifference claim, a prisoner must demonstrate that the defendant in question was aware of and consciously disregarded the inmate's medical need. *Farmer*, 511 U.S. at 837; *Estelle*, 429 U.S. at 103-04; *Hayes v. Snyder*,

5

546 F.3d 516, 522 (7th Cir. 2008). Neither negligence nor gross negligence constitute deliberate indifference. *Farmer*, 511 U.S. at 836. Instead, the standard is comparable to that required in demonstrating criminal recklessness. *Id.* at 839.

Claims of deliberate indifference to a prisoner's medical needs are examined differently depending on whether the defendant is a medical professional or a lay person. *McGee v. Adams*, 721 F.3d 474, 481 (7th Cir. 2103). Lay persons who are not responsible for administering medical care are entitled to rely on and defer to the judgment of medical professionals. *Id.* at 483; *King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012). However, a lay person may be found to have been deliberately indifferent to an inmate's medical needs if he has actual knowledge or has reason to believe that medical personnel are not treating or mistreating a prisoner. *King*, 680 F.3d at 1018.

Here, CRW Taylor is not a medical professional and the undisputed facts show that she timely responded to Plaintiff's grievances and forwarded the grievances to responsible medical professionals per the jail procedures so that Plaintiff's medical issues could be addressed. No reasonable jury could find that CRW Taylor was deliberately indifferent to Plaintiff's medical needs. *See McGee*, 721 F.3d at 483-84 (no deliberate indifference by security personnel who relied on medical professionals' decision to not order plaintiff to be exempt from leg irons); *King*, 680 F.3d at 1018 (correctional officers were not deliberately indifferent to detainee's medical needs because there was no evidence that detainee was not being properly treated by doctor); *Hayes*, 546 F.3d at 527 - 28 (non-medical defendants who investigated prisoner's grievances and letters and timely forwarded them to responsible medical providers not deliberately indifferent to prisoners medical needs); *Johnson v. Doughty*, 433 F.3d 1001, 1010 (7th Cir. 2006) (same); *Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005) (same).

6

For the foregoing reasons, Defendant's motion for summary judgment is granted. Even viewing the summary judgment record in the light most favorable to Plaintiff, the Court concludes that no reasonable person could find that Defendant acted with deliberate indifference to a serious medical need.

If Plaintiff wishes to appeal this final order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also be assessed a "strike" under 28 U.S.C. § 1915(g). Plaintiff is warned that, pursuant to that statute, if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. *Id.*

## Conclusion

IT IS THEREFORE ORDERED that Defendant's motion for summary judgment [44] is granted. The Clerk is directed to enter judgment in favor of the Defendant pursuant to Fed. R. Civ. P. 56.

Dated: 7/6/2015

*James B. Zagel*
United States District Judge

7